Achchana Ranasinghe (087282014)
Nicholas Conlon (034052013)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000 | F: (855) 582-5297
ac@jtblawgroup.com | nicholasconlon@jtblawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AHMAD FEGGINS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CARLO'S BAKERY, INC.** and **CARLOS BAKERY LACKAWANNA LLC**,<br><br>Defendants. | Case No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Plaintiff Ahmad Feggins ("Plaintiff"), whose street and post-office address is 56 Willowdale Avenue, Montclair, New Jersey 07042, individually and on behalf of all others similarly situated, by and through his attorneys at Brown, LLC, brings this Collective and Class Action Complaint against Defendants Carlo's Bakery, Inc. ("Carlo's Bakery") and Carlos Bakery Lackawanna LLC ("Lackawanna") (collectively, "Defendants"), each of which, on information and belief, maintains its principal place of business at 631 Grove Street, Jersey City, New Jersey 07310, and alleges as follows upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

## INTRODUCTION

1. Plaintiff Ahmad Feggins brings this collective and class action against Defendants Carlo's Bakery, Inc. and Carlos Bakery Lackawanna LLC to recover unpaid overtime and agreed hourly wages arising from Defendants' meal-related timekeeping and wage-deduction practices for hourly-paid, non-exempt factory employees. Plaintiff asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207(a)(1), 216(b); the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a4, 34:11-56a25; and the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. §§ 34:11-4.2, 34:11-4.4, 34:11-4.10(c).

2. Defendants conduct a baked-goods manufacturing and distribution business under the Carlo's Bakery brand, including products shipped in interstate commerce, and employ hourly-paid, non-exempt factory employees to carry out production and related operations.

3. As used in this Complaint, "hourly-paid, non-exempt factory employees" means persons employed by one or both Defendants in factory production or related factory-support positions who are paid hourly and classified as non-exempt, regardless of job title, department, shift, or particular factory location.

4. Hourly-paid, non-exempt factory employees are required or permitted to continue working during meal periods or to return to work before completing those periods. Defendants nevertheless deduct compensable working time from the hours used to calculate their wages.

5. Hourly-paid, non-exempt factory employees perform this uncompensated work in workweeks exceeding forty hours. The meal-related deductions reduce both the hours credited for pay and the hours counted toward weekly overtime.

6. Plaintiff was an hourly-paid, non-exempt factory employee who experienced these deductions and was not paid for all compensable work, including work above forty hours in

affected workweeks. He brings the FLSA claim on behalf of a nationwide collective and the NJWHL and NJWPL claims on behalf of a New Jersey class.

7. Plaintiff seeks unpaid overtime under the FLSA and NJWHL and unpaid agreed hourly compensation under the NJWPL, together with statutory liquidated damages, reasonable attorneys' fees and costs, interest where authorized, notice to the proposed nationwide FLSA collective, and certification of the proposed New Jersey class, without duplicative recovery.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over the FLSA claim under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over the NJWHL and NJWPL claims under 28 U.S.C. § 1367(a) because those claims arise from the same employment relationships, work performed, timekeeping practices, meal-related deductions, and wage underpayments as the FLSA claim.

10. This Court has general personal jurisdiction over each Defendant because, on information and belief, each maintains its principal place of business in Jersey City, New Jersey, and is at home in this State. The Court also has specific personal jurisdiction over each Defendant with respect to Plaintiff's claims because each directly or jointly employed him in New Jersey as alleged below, and the challenged work, timekeeping, and wage-payment practices were applied to him here.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2) because Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Jersey City, Hudson County, New Jersey.

12. The NJWHL and NJWPL apply because Plaintiff and the proposed New Jersey Class performed the work at issue in New Jersey and experienced the challenged wage-payment practices in New Jersey.

## PARTIES

13. Plaintiff Ahmad Feggins resides in Montclair, Essex County, New Jersey.

14. Plaintiff worked from approximately April 2025 through May 5, 2026, in a Food Safety Quality Assurance position at Lackawanna's Jersey City factory. Lackawanna paid Plaintiff $25.00 per hour and classified him as non-exempt. On information and belief, Carlo's Bakery jointly employed Plaintiff during that period as described below.

15. Defendant Carlo's Bakery, Inc. is a corporation that, on information and belief, maintains its principal place of business at 631 Grove Street, Jersey City, New Jersey 07310. Carlo's Bakery participates in the commercial and employment operations described below.

16. Defendant Carlos Bakery Lackawanna LLC is a limited liability company that operates the Jersey City factory under the Carlo's Bakery brand. On information and belief, Lackawanna maintains its principal place of business at 631 Grove Street, Jersey City, New Jersey 07310.

17. Lackawanna is identified as Plaintiff's employer on his pay notice and wage statements. Lackawanna hired, supervised, and paid Plaintiff and controlled the pay rates, schedules, timekeeping requirements, payroll practices, and employment records applicable to its hourly-paid, non-exempt factory employees.

18. At all relevant times, each Defendant was an employer of Plaintiff, directly or jointly as alleged below, within the meaning of 29 U.S.C. § 203(d), (e)(1), (g), N.J. Stat. Ann. § 34:11-56a1, and N.J. Stat. Ann. § 34:11-4.1. Hourly-paid, non-exempt factory employees were employees of one or both Defendants under those provisions.

## FACTUAL ALLEGATIONS[1]

Defendants' Business and FLSA Coverage

19. Lackawanna manufactures and packages baked goods at its Jersey City factory for sale to customers and retailers, including shipments outside New Jersey. Carlo's Bakery participates in the sale and distribution of baked goods under the shared brand. The factory's production operations use ingredients, packaging, equipment, and supplies originating outside New Jersey.

20. Hourly-paid, non-exempt factory employees perform production and related support work, including food-safety and quality assurance, packaging, maintenance, warehousing, and sanitation. Their work supports the manufacture and distribution of Defendants' products.

21. On information and belief, at all relevant times, each Defendant had an annual gross volume of sales made or business done of not less than $500,000, exclusive of retail excise taxes separately stated, and constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A). Alternatively, Defendants performed related activities through unified operation or common control for the common business purpose of producing and distributing baked goods and together constituted such an enterprise, as defined in 29 U.S.C. § 203(r)(1).

22. Hourly-paid, non-exempt factory employees handle goods and materials that have moved in interstate commerce and perform work related to the production of goods for interstate distribution. Plaintiff's quality-assurance work supported the production of goods shipped outside

[1] Unless otherwise specified, the allegations concern the three years preceding commencement of this action through the date of judgment for the FLSA claim and the six years preceding commencement of this action through the date of judgment for the New Jersey claims, subject to applicable limitations and consent-filing requirements.

New Jersey, and he was also individually engaged in commerce or in the production of goods for commerce.

Defendants' Employment Roles and Joint Employment

23. Carlo's Bakery identifies itself in the business website's legal disclosures as the entity offering its online services at 631 Grove Street. Federal motor-carrier records also identify Carlo's Bakery as a carrier of bakery products operating from that address, the same location as Lackawanna's factory.

24. The currently posted official careers page for the Carlo's Bakery brand directs applicants to a recruiting portal bearing Carlo's Bakery's corporate name. That portal presents employment opportunities across multiple locations. A separate Lackawanna recruiting page on the same platform advertises bakery, warehouse, and maintenance positions at the Jersey City factory.

25. Plaintiff's onboarding materials included a handbook acknowledgment and employment-policy documents bearing the Carlo's Bakery brand, while his compensation acknowledgment and wage statements identified Lackawanna. Plaintiff understood the Jersey City facility to include the main office from which decisions for the broader business were made.

26. Based on the recruiting structure, shared business location and operations, and Plaintiff's employment materials and experience, Plaintiff alleges on information and belief that Carlo's Bakery participated with Lackawanna during the relevant period in recruiting, onboarding, and administering personnel policies for the factory workforce, including Plaintiff. Through those functions, Carlo's Bakery shared authority over the work rules and employment conditions under which hourly-paid, non-exempt factory employees performed their work, while Lackawanna exercised direct supervisory and wage-payment authority.

27. On information and belief, Defendants jointly employed Plaintiff and similarly situated hourly-paid, non-exempt factory employees through the employment functions described above, acted directly or indirectly in one another's interest in relation to those employees, and suffered or permitted the factory work at issue. The precise ownership relationship and allocation of employment functions are within Defendants' records. Plaintiff pleads Defendants' respective direct or joint employer status and liability in the alternative to the extent permitted by Fed. R. Civ. P. 8(d)(2)–(3).

Common Timekeeping and Meal-Deduction Practices

28. Hourly-paid, non-exempt factory employees are compensated at established hourly rates and treated as eligible for overtime. Defendants calculate their wages using the hours credited through their timekeeping and payroll process.

29. Hourly-paid, non-exempt factory employees are expected to record their working time by clocking in and out and to clock out and back in for a thirty-minute meal period.

30. Hourly-paid, non-exempt factory employees are required or permitted to work through meal periods or return to work before completing them because of production demands, staffing limitations, and supervisory instructions.

31. Hourly-paid, non-exempt factory employees continue performing their ordinary production and support duties during those periods, including making and inspecting products, addressing production problems, maintaining equipment, moving goods, cleaning, and completing required documentation.

32. On information and belief, hourly-paid, non-exempt factory employees have compensable working time deducted from their recorded hours for payroll purposes when they work through meal periods or return to work before completing them. Defendants use the reduced

totals, rather than all compensable hours worked, to calculate regular wages and weekly overtime compensation.

33. The deductions are applied without ensuring that hourly-paid, non-exempt factory employees actually receive corresponding bona fide meal periods. The deducted time includes active work, compensable short breaks, and interrupted meals spent predominantly for Defendants' benefit.

34. On information and belief, the meal-related deductions recur through Defendants' timekeeping and payroll process and affect hourly-paid, non-exempt factory employees in multiple departments. Defendants possess or control the records showing how the deductions were calculated and applied.

35. Plaintiff observed other hourly-paid, non-exempt factory employees at Lackawanna's Jersey City factory working during meal periods and heard coworkers, including employees outside the quality-assurance department, complain about time deductions despite that work. Based on those observations and discussions and his own experience, Plaintiff alleges on information and belief that the meal-related deductions reflect a common timekeeping and compensation practice affecting hourly-paid, non-exempt factory employees.

Unpaid Meal-Period Wages and Overtime

36. Hourly-paid, non-exempt factory employees regularly work more than forty hours in a workweek, including work performed during missed or shortened meal periods. The meal-related deductions occur in workweeks in which their actual compensable hours exceed forty.

37. Hourly-paid, non-exempt factory employees receive overtime compensation only for hours Defendants credit as overtime. Defendants exclude deducted working time from the weekly totals used to determine how many hours are payable at the overtime rate.

38. As a result, hourly-paid, non-exempt factory employees are not paid one and one-half times their regular rates for all compensable hours above forty in affected workweeks. Paying overtime for some credited hours does not compensate them for the working time removed from their pay.

39. The same deductions also deprive hourly-paid, non-exempt factory employees of compensation earned at their agreed hourly rates for compensable working time excluded from Defendants' payroll calculations.

40. The challenged deductions do not merely exclude bona fide meal periods actually taken. This action seeks compensation for working time and compensable short or work-dominated interrupted breaks omitted from employees' wages.

41. Plaintiff ordinarily worked approximately forty to fifty hours per week. During multiple workweeks, he worked his regular five-day schedule and continued performing quality-assurance and production-monitoring duties during missed or shortened meals, causing his actual hours to exceed forty.

42. In those same workweeks, compensable working time was deducted from Plaintiff's credited hours, and Defendants did not pay him for all work above forty hours. Plaintiff's unpaid work resulted from the meal-related timekeeping and compensation practices described above.

<u>Defendants' Knowledge, Records, and Willfulness</u>

43. Defendants control or have access to the time entries, meal punches, schedules, payroll calculations, pay rates, and employment records for hourly-paid, non-exempt factory employees, as well as production and quality-assurance records documenting work performed.

44. Defendants know or have reason to know of work performed during meal periods because their managers assign and observe the work, direct employees to continue working or return from meals, and review the resulting work and records.

45. Defendants recognize hourly-paid, non-exempt factory employees as non-exempt and pay overtime for some credited hours, but nevertheless remove compensable working time through the challenged deductions.

46. On information and belief, Defendants fail to reconcile the meal-related deductions with the work their managers require and observe, resulting in payroll records and wage calculations that systematically understate compensable hours, including overtime.

47. Defendants' violations are willful because Defendants know or recklessly disregard whether deducting compensable working time despite their knowledge of the work and employees' overtime eligibility complies with the FLSA. The repeated deductions are not isolated payroll errors.

## **COLLECTIVE ACTION ALLEGATIONS**

48. Plaintiff brings Count I on behalf of himself and other similarly situated hourly-paid, non-exempt factory employees throughout the United States pursuant to 29 U.S.C. § 216(b).

49. The proposed FLSA Collective is defined as:

> *All persons employed by one or both Defendants in the United States as hourly-paid, non-exempt factory employees at any time during the three years preceding the commencement of this action through the date of judgment.*

50. Plaintiff and the FLSA Collective Members are similarly situated in material respects because they were employed by one or both Defendants in hourly-paid, non-exempt factory positions and, on information and belief, experienced the same or substantially similar meal-related timekeeping and compensation practices described above.

51. Differences in job title, department, shift, or work location do not alter the common issue presented by the challenged practices: whether Defendants deducted compensable working time associated with missed or shortened meals and excluded that time from weekly overtime calculations.

52. Questions common to the FLSA Collective include: Defendants' respective roles as direct or joint employers; how Defendants applied the meal-related reductions; whether the deducted time included compensable work or short breaks; whether Defendants knew or should have known of the work; whether the reductions resulted in unpaid hours above forty in a workweek; and whether Defendants acted willfully.

53. The common issues can be addressed through Defendants' timekeeping and payroll records, punch and edit histories, meal-period instructions, schedules, production records, management testimony, and representative employee testimony.

54. Plaintiff's claim arises from the same practice: he performed factory work during missed or shortened meals, experienced time reductions, exceeded forty actual hours in affected workweeks, and did not receive all overtime due.

55. The FLSA Collective is identifiable from Defendants' personnel, job-position, hourly-pay, overtime-classification, work-location, and employment-date records. Defendants can identify potential members and provide their last known contact information so that Court-authorized notice may be issued.

56. Plaintiff requests notice to the FLSA Collective and an opportunity for similarly situated employees to file written consents to join. Recovery for each participating employee is subject to 29 U.S.C. §§ 255(a), 256 and any applicable tolling.

## RULE 23 CLASS ACTION ALLEGATIONS

57. Plaintiff brings Counts II and III on behalf of himself and the New Jersey Class pursuant to Fed. R. Civ. P. 23(a), (b)(3).

58. The New Jersey Class is defined as:

> *All persons employed by one or both Defendants in New Jersey as hourly-paid, non-exempt factory employees at any time during the six years preceding the commencement of this action through the date of judgment.*

59. The New Jersey Class is ascertainable through objective criteria in Defendants' personnel, position, hourly-pay, overtime-classification, work-location, and employment-date records. Membership does not depend on a prior determination that an employee was unlawfully denied wages.

60. On information and belief, the New Jersey Class exceeds forty members and is sufficiently numerous that joinder is impracticable, based on Defendants' multi-department, multi-shift factory workforce and employee turnover during the relevant period. The precise number and identities of Class Members are ascertainable from Defendants' records.

61. Questions common to the New Jersey Class include: Defendants' respective roles as direct or joint employers; whether Defendants applied a common meal-related reduction to working time; whether employees performed work or received only compensable short breaks during the deducted time; whether Defendants knew or should have known of that work; whether Defendants failed to pay weekly overtime or agreed hourly wages; and the proper measure of unpaid wages and liquidated damages.

62. Plaintiff's claims are typical because he was an hourly-paid, non-exempt factory employee in New Jersey who worked through or shortened meals, experienced the challenged time deductions, and lost agreed wages and overtime as a result.

63. Plaintiff will fairly and adequately protect the interests of the New Jersey Class. His interest in recovering wages withheld through the challenged practice is aligned with the Class, and he has retained counsel experienced in wage-and-hour and class and collective litigation.

64. Common questions predominate because liability turns principally on the operation of Defendants' meal-related deductions, the compensability of the work affected by those deductions, Defendants' knowledge, and their failure to include that work in hourly and overtime compensation.

65. The claims can be evaluated through common timekeeping and payroll evidence, work schedules, meal-period instructions, production records, and testimony concerning Defendants' challenged practices. Variations in job titles, shifts, work locations, pay rates, or amounts of unpaid time can be addressed through employee-specific records and competent testimony.

66. A class action is superior to separate actions because individual wage losses may be too small to justify individual litigation, the principal employment and payroll evidence is controlled by Defendants, and common adjudication will conserve resources and reduce inconsistent determinations.

67. Concentrating the New Jersey claims in this District is appropriate because, on information and belief, both Defendants maintain their principal places of business here, the work at issue was performed in New Jersey, the governing state law is uniform, and the claims substantially overlap with the FLSA claim.

68. Plaintiff seeks certification of the New Jersey Class, appointment as its representative, and appointment of his counsel as class counsel under Fed. R. Civ. P. 23(g). Plaintiff may seek appropriate modification of the class definition as discovery establishes the relevant employment records and practices.

## COUNT I

**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 207(a)(1), 216(b)**
**Failure to Pay Overtime Compensation**
*(On Behalf of Plaintiff and the FLSA Collective)*
(Against Both Defendants)

69. Plaintiff realleges and incorporates paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff and the FLSA Collective Members are or were employees, and Defendants are or were their direct or joint employers, within the meaning of the FLSA as alleged above. They were employed by an enterprise engaged in commerce or in the production of goods for commerce, and Plaintiff was also individually covered as alleged above.

71. Plaintiff and the FLSA Collective Members were hourly-paid and classified as non-exempt. Their factory work was subject to the FLSA's overtime requirements.

72. Under 29 U.S.C. § 207(a)(1), Defendants were required to pay at least one and one-half times the employee's regular rate for each compensable hour worked above forty in a workweek.

73. Work suffered or permitted by Defendants must be counted under 29 C.F.R. §§ 785.11, 785.13 (2025). The time at issue included active factory work during missed meals, work-dominated interrupted meals predominantly benefiting Defendants, and short rest periods compensable under 29 C.F.R. § 785.18 (2025), rather than bona fide meals excludable under 29 C.F.R. § 785.19 (2025).

74. Defendants violated 29 U.S.C. § 207(a)(1) by removing compensable work from credited hours and failing to pay required overtime for actual work above forty hours in affected workweeks. The payment of overtime on other credited hours did not cure those underpayments.

75. Defendants had actual or constructive knowledge of the uncompensated work through the assignments, supervisory directions, observations, staffing arrangements, and work records described above.

76. Defendants' failure to maintain accurate compensable-hour totals, as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2 (2025), facilitated the overtime underpayments.

77. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), for the reasons alleged above, and the three-year limitations period applies. Plaintiff alternatively seeks recovery for violations within the two-year period to the extent willfulness is not established.

78. Under 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members who join this action are entitled to unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees and costs, and other relief authorized by law.

## COUNT II

**Violation of the New Jersey Wage and Hour Law**
**N.J. Stat. Ann. §§ 34:11-56a4, 34:11-56a25**
**Failure to Pay Overtime Compensation**
*(On Behalf of Plaintiff and the New Jersey Class)*
(Against Both Defendants)

79. Plaintiff realleges and incorporates paragraphs 1 through 68 as though fully set forth herein.

80. Plaintiff and the New Jersey Class Members are or were employees, and Defendants are or were their direct or joint employers, within the meaning of N.J. Stat. Ann. § 34:11-56a1 as alleged above. Their non-exempt factory work was performed in New Jersey.

81. N.J. Stat. Ann. § 34:11-56a4 and N.J. Admin. Code § 12:56-6.1 required Defendants to pay overtime compensation at not less than one and one-half times the employee's regular hourly wage for actual work above forty hours in a workweek.

82. Under N.J. Admin. Code §§ 12:56-5.1, 12:56-5.2(a), covered employees must be compensated for all hours worked, including time they are required to be at their workplace or on duty. The deducted time at issue included actual factory work and work-dominated interrupted meals, rather than nonworking meal periods.

83. Defendants failed to include all such compensable time in weekly hours and failed to pay Plaintiff and New Jersey Class Members the overtime due for hours above forty. The underpayments resulted from the same meal-related deductions and work requirements described above.

84. Defendants knew or should have known of the work through their managers' assignments, directions, observations, and review of work records. Defendants nevertheless used reduced time totals for payroll and failed to maintain accurate records of all compensable hours as required by N.J. Stat. Ann. § 34:11-56a20.

85. Plaintiff and the New Jersey Class are entitled under N.J. Stat. Ann. § 34:11-56a25 to unpaid overtime compensation, liquidated damages of up to two hundred percent of the unpaid wages, reasonable attorneys' fees and costs, and interest where authorized. Plaintiff seeks the maximum liquidated damages available under that provision.

86. The six-year limitations period in N.J. Stat. Ann. § 34:11-56a25.1 applies. Plaintiff seeks recovery for the relevant violations within that period, without duplicative recovery for wages or damages also awarded under the FLSA or NJWPL.

**COUNT III**

**Violation of the New Jersey Wage Payment Law**
**N.J. Stat. Ann. §§ 34:11-4.2, 34:11-4.4, 34:11-4.10(c)**
**Failure to Pay Agreed Wages and Unlawful Withholding**
*(On Behalf of Plaintiff and the New Jersey Class)*
(Against Both Defendants)

87. Plaintiff realleges and incorporates paragraphs 1 through 68 as though fully set forth herein.

88. Plaintiff and the New Jersey Class Members are or were employees, and Defendants are or were their direct or joint employers, within the meaning of N.J. Stat. Ann. § 34:11-4.1 as alleged above.

89. Defendants employed Plaintiff and the New Jersey Class Members under compensation arrangements requiring payment for their labor at their established hourly rates. Lackawanna's pay notice and wage statements identify Plaintiff's agreed rate. On information and belief, Defendants' pay notices, payroll records, and regular pay practices identify the other Class Members' agreed rates. Each Defendant was responsible as a direct or joint employer for paying the earned hourly compensation owed to employees it employed.

90. Plaintiff and the New Jersey Class Members earned direct monetary compensation by performing the work described above. That compensation was determined on a time basis and constituted wages within N.J. Stat. Ann. § 34:11-4.1(c), not a discretionary bonus or supplementary incentive.

91. N.J. Stat. Ann. § 34:11-4.2 required Defendants to pay the full amount of earned wages on their regular paydays. Defendants failed to pay the agreed hourly compensation attributable to working time they removed through meal-related deductions.

92. Defendants also withheld or diverted earned wages contrary to N.J. Stat. Ann. § 34:11-4.4. The meal-related removal of wages for work actually performed was not required or empowered by law and was not an authorized deduction for any purpose permitted by that statute.

93. This count seeks unpaid compensation earned at the agreed hourly rates for compensable working time excluded from Defendants' payroll calculations through the meal-related deductions described above.

94. This count seeks enforcement of Defendants' obligation to pay the agreed hourly compensation for work performed, rather than recovery of the statutory overtime premium asserted in Counts I and II. To the extent the same underlying wages are recoverable under more than one count, Plaintiff pleads alternative grounds for recovery and seeks only one recovery of those wages.

95. Under N.J. Stat. Ann. § 34:11-4.10(c), Plaintiff and the New Jersey Class may recover the unpaid agreed wages, liquidated damages of up to two hundred percent of those wages, reasonable attorneys' fees and costs, and other relief authorized by law. Plaintiff seeks the maximum available liquidated damages, subject to the statutory requirements.

96. Plaintiff seeks recovery under this count for unpaid wages within the proposed New Jersey Class period, subject to applicable limitations requirements, together with interest where authorized and without duplicative recovery under the other counts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and New Jersey Class, respectfully requests that the Court:

A. Designate this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Authorize notice to similarly situated employees and afford them an opportunity to file written consents to join the FLSA claim;

C. Certify the New Jersey Class under Fed. R. Civ. P. 23(a), (b)(3), appoint Plaintiff as class representative, and appoint his counsel as class counsel;

D. Enter judgment against Defendants, jointly and severally, in favor of Plaintiff and the participating FLSA Collective Members for unpaid overtime compensation under the FLSA;

E. Enter judgment against Defendants, jointly and severally to the extent authorized by law, in favor of Plaintiff and the New Jersey Class for unpaid overtime compensation under the NJWHL and unpaid agreed wages under the NJWPL;

F. Award liquidated damages equal to the unpaid overtime compensation under 29 U.S.C. § 216(b), subject to applicable law;

G. Award the maximum liquidated damages authorized by N.J. Stat. Ann. § 34:11-56a25 and N.J. Stat. Ann. § 34:11-4.10(c), up to two hundred percent of the unpaid wages recoverable under the applicable provision;

H. Award reasonable attorneys' fees and costs under the FLSA, NJWHL, and NJWPL;

I. Award prejudgment interest to the extent authorized and not duplicative of liquidated damages, and post-judgment interest pursuant to 28 U.S.C. § 1961;

J. Apply appropriate credits or offsets for amounts actually paid or otherwise recovered for the same wages or damages, so that recovery is not duplicative; and

K. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to U.S. Const. amend. VII and Fed. R. Civ. P. 38(b), 39, Plaintiff demands a trial by jury on all issues so triable, individually, on behalf of the FLSA Collective under 29 U.S.C. § 216(b), and on behalf of the New Jersey Class under Fed. R. Civ. P. 23.

Respectfully submitted,

Dated: September 29, 2026

**BROWN, LLC**

*/s/ Achchana Ranasinghe*
Achchana Ranasinghe (087282014)
Nicholas Conlon (034052013)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000 | F: (855) 582-5297
ac@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*